HENRY A. SANGER ET AL.

v.

MARCIA C. PALMER.

*Mortgage—Foreclosure—*Res Adjudicata.

Where a claim is disallowed by the court a mortgage which was given as collateral security therefor falls with it.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. GARNSEY & KNOX, for appellants.

Messrs. H. M. SNAPP and R. A. CHILDS, for appellee.

C. B. SMITH, J.   This was a suit in equity brought by the appellee in the Circuit Court of Will County, on the 27th of April, 1888, to foreclose a mortgage given to secure a note of $1,500, dated March 12, 1875, with interest payable monthly at ten per cent, in gold coin, due in five years from the date thereof.   This note and mortgage was executed by the late L. P. Sanger, at Oakland, California, while the maker was there temporarily sojourning for his health, confined to his room by a mortal sickness, and attended by appellee.

The note was made payable to her, and the mortgage, which is sought to be foreclosed, conveyed, by a general description, the real estate by the decree of the court below ordered to be sold.

On the 23d day of March, 1875, L. P. Sanger died, testate, at Oakland, California, leaving no widow, and Henry A. Sanger, one of the defendants hereto, and Frances Louise Steele, (nee Sanger,) now deceased, his only children and heirs at law, and sole devisees under his will.

After his death the mortgage above described was placed on record in Will county, wherein the lands described were situate.

The last will and testament of L. P. Sanger was duly proved and probated in the county of his residence, viz., Cook county, Illinois, and letters testamentary duly issued to Henry A. Sanger as sole executor, who qualified, and is now acting as such.

Shortly after the death of L. P. Sanger, his daughter, Mrs. Frances Louise Steele, died, leaving three children, named Sanger Steele, Mrs. Fish and Francis Steele, her only heirs at law, and who are named as appellants herein.   Sandiford and Van Vleet are tenants in possession of parts of the mortgaged premises, under the appellants, heirs of L. P. Sanger's estate, and legatees under his will.

On the 18th of June, 1885, the appellee, Marcia C. Palmer, filed in the County Court of Cook County, wherein the estate

of L. P. Sanger was then being administered, her claim against that estate. That claim, as then made and verified by the oath of the appellee, consisted of nine different items. The last item of her claim, numbered "nine," was the note and mortgage here in controversy.

The item thereof numbered "eight," for the amount of $3,600, was for money claimed to have been advanced, or delivered to L. P. Sanger, in his lifetime, to loan for the appellee's use and benefit, and which, as she claimed, was loaned by him on real estate situate on west Twelfth street, in Chicago, known as the "Mayo Mortgage," upon which property, appellee claimed, existed a prior incumbrance, which money advanced, with interest thereon, and including interest paid on the prior incumbrance, aggregated the said sum of $3,600, for which last named claimed indebtedness, the note and mortgage here in suit, being item number "nine" of appellee's claim, was given as collateral security only.

The entire claim, as presented by the appellee against Sanger's estate, aggregated the sum of $12,745. Attached to the claim was the affidavit of the appellee, which was, in substance, as follows: "Being duly sworn, says that the annexed account against the estate of Lorenzo P. Sanger, deceased, is just and unpaid, and deponent verily believes that all credits and offsets thereto have been allowed, except $1,500, in the nature of collateral security, which is to be deducted in case of payment of the *eighth item* of the account; all the rest is *bona fide* due on the account or claim, as stated, and she knows of no other claim;" which was signed by the appellee, and verified.

Judge Horton acted as the attorney of appellee in the County Court. He testifies that the claim as filed was vigorously contested in the County Court for several years, and considerable testimony by deposition and otherwise was taken and heard by the court, and upon final hearing on the 13th day of March, 1877, a final judgment was rendered upon the claim so presented to the County Court, allowing the complainant the sum of $5,891.62. From this judgment no appeal was taken and the same still remains in full force. The

amount of the said claim so found due was paid in full to appellee or her assignees, by Henry A. Sanger, as executor, in due course of administration upon the said estate, the 27th of July, 1879. Judge Horton also testifies in effect that the note and mortgage now in suit was the collateral referred to in the affidavit of appellee attached to the claim filed as hereinbefore set forth, and that the $3,600 constituting the eighth item of appellee's claim was the principal debt to which the note and mortgage in this suit was collateral. In other words, if the $3,600 claim had been allowed and paid, no part of the note and mortgage security here in question could have been recovered or suit therefor maintained.

It is conceded that the main contention in the County Court was over the *bona fides* or legality of this $3,600, the eighth item in appellant's claim, and its allowance against Sanger's estate, and it is also conceded or established beyond cavil, that this item was adjudicated by the County Court and disallowed entirely. It is not apparent in reason or as a legal proposition, how the principal thing and that which is the moving consideration for the giving of the (collateral) security, still remain intact, in full force and effect.

There is no pretense that the eighth item was withdrawn, but it was adjudicated and wholly rejected by the County Court and this was a conclusive adjudication or determination by a court of competent jurisdiction, that the appellee's eighth item ($3,600) was unjust in every part. If this be so, the note and mortgage taken as collateral to said claim and every part thereof as security therefor, must also fall, as there is no consideration to sustain it.

But it is insisted that the ninth item of appellee's claim, the note and mortgage now in suit, was withdrawn before the County Court adjudicated upon the claim and without prejudice to the appellee.

This, we think, as a matter of law, could not be done; when the principal or primary indebtedness was discharged or released, the incident (security) fell with it. The withdrawal of the collateral note and mortgage was not in law or in fact a withdrawal of any part of the principal set out in the eighth

item of the claim. The judgment of the County Court in disallowing the claim for the principal, $3,600, is in full force and estops appellee from asserting any claim to, or remedy upon securities collateral or otherwise held by her for its payment.

In the view we have taken of this case, it is not necessary to examine several other points made in the arguments submitted on the hearing.

The decree of the Circuit Court is therefore reversed, and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*